UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOLLY ARPINO ) | CASE NO. 22-CV-00765(KAD) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| AMANDA TOURJEE, ) | JULY 18, 2024 |
| SOLOMON HARDY, ) | |
| *Defendants*. | |

**MEMORANDUM OF DECISION**
**RE: MOTION TO DISMISS (ECF NO. 38)**

Kari A. Dooley, United States District Judge:

By Complaint dated June 10, 2022, Plaintiff Holly Arpino ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Amanda Tourjee and Soloman Hardy (collectively "Defendants"), both officers with the Old Saybrook Police Department.[1] Compl., ECF No. 1, at 4(b). She alleged a number of Fourth Amendment violations arising out of an October 21, 2020, encounter with the Defendants during which she was pulled over, issued citations, and her vehicle was seized and towed from the scene. *Id*. Following initial review, the only remaining claim was Plaintiff's Fourth Amendment claim against the Defendants premised upon (a) the motor vehicle stop and (b) the seizure and towing of her vehicle. Initial Review Order and Recommended Ruling ("IRO"), ECF No. 8 (adopted ECF No. 10) at 15–17. Pending before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to the motion. For the reasons that follow, the motion to dismiss is GRANTED.

**Standard of Review**

---

[1] Plaintiff named additional defendants and included additional claims of constitutional deprivations, which were dismissed following initial review. *See* ECF Nos. 8, 10.

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted). A court may consider Documents not expressly incorporated in the complaint if they are "integral" to the complaint. *Id*. A document is integral to a complaint "'where the complaint relies heavily upon its terms and effect.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002)).

**Allegations**

Preliminarily, the Court determines that it is appropriate under the circumstances to rely upon and consider the citations at issue as well as, to a much more limited extent, the documentation generated following Plaintiff's encounter with the Defendants and the towing of her vehicle. Defendants previously filed, and the Court granted, a motion for a more definite statement. ECF No. 23. The Court ordered Plaintiff to "file a notice on the docket identifying the three infractions for which she was issued a citation on or around October 21, 2020." *Id.* On November 17, 2023, Plaintiff filed the notice in which she identified a misdemeanor summons and complaint number "MC784917" and a complaint "AO57874-S" in which she was cited for having insufficient insurance, operating an unregistered motor vehicle and a face mask violation. *See* ECF No. 37. Plaintiff attached copies of the citations and the court abstract associated with them. *Id*. The Defendants attached a copy of the citations as well as the police department documentation concerning the events in question to the motion to dismiss. *See* Defs.' Mot. to Dismiss, Ex. A ("Ex. A"), ECF No. 38-2. The Court finds that the citations are clearly integral to the Plaintiff's Complaint, even if not explicitly incorporated by reference. *See Goel*, 820 F.3d at 559. The attached records—dispatch records and incident reports/narratives—largely mirror Plaintiff's allegations as to the events of October 21, 2020. But they also provide additional detail and context. Therefore, the Court shall consider them, to a limited extent, as well.[2]

---

[2] Plaintiff did not respond to the motion nor raise any objection to the Court's consideration of the attached records. Any objection is therefore waived. *See Leach v. King*, No. 3:16-CV-00861 (SRU), 2018 WL 1514243, at *4, n.1 (D. Conn. Mar. 27, 2018) ("[B]ecause [the *pro se* plaintiff] has not addressed the merits of the arguments seeking dismissal of his claims for injunctive and declaratory relief, I can consider these claims abandoned."). Courts have considered lack of objection as a factor when determining whether documents are integral to a complaint. *See Barletta v. Quiros*, No. 3:22CV01110(SALM), 2023 WL 2687285, at *5 (D. Conn. Mar. 29, 2023); *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871 (VEC), 2020 WL 1151313, at *2 (S.D.N.Y. Mar. 9, 2020) ("The Court may consider Plaintiff's publicly recorded mortgage documents in connection with Defendant's motion because Plaintiff explicitly references them in her Complaint, they are integral to her claims, and she raises no objections to their relevance or authenticity."). Similarly, even if the Court were to convert the motion to a motion for summary judgment pursuant to Rule 12(d), Plaintiff's failure to respond would render the same result. Under either standard, the motion would be granted.

The allegations of the Complaint are few. Plaintiff alleges that on October 21, 2020, a manager of the Old Saybrook Stop & Shop called the Old Saybrook Police and filed a false complaint against Plaintiff for a "violation," "presumably" of a store policy. Compl. at 4(b). Defendants responded to the call and initiated a traffic stop of Plaintiff on Route One in Old Saybrook. *Id.* Because the store manager's complaint was "patently false" the traffic stop and detention of Plaintiff "cannot have been justified by any probable cause."[3] *Id.* After being detained with no probable cause, Plaintiff's vehicle was seized and towed. She was issued a citation for three infractions, two of which were motor vehicle infractions that were "dropped." *Id.* The third mysteriously "reappeared." *Id.* Upon initial review, the Court construed Plaintiff's complaint as challenging the traffic stop because the violation of a store policy is not a criminal offense and therefore could not be the basis for the traffic stop.[4] IRO at 15–16.

The complaint, AO57874-5 reveals that Plaintiff was cited for failing to wear a face mask in violation of Executive Order 9B-2a(1). Ex. A at 5.[5] The dispatch record confirms that the complaint was based upon Plaintiff's failure to where a face mask in a public place. Once dispatched to the area, Defendant Tourjee encountered Plaintiff driving her vehicle. Dispatch advised Defendant Tourjee that the vehicle was not registered, as required under the law. *Id.* at 8. Defendant Tourjee conducted a motor vehicle stop during which Plaintiff admitted that she had been at the Stop & Shop (a fact not in dispute and judicially admitted in Plaintiff's complaint) and that she does not want to and will not wear a face mask in any store. *Id.* at 8–9. Accordingly, Plaintiff was issued complaint AO 57874-5. *Id.* at 5. In addition, as the vehicle was neither

---

[3] Plaintiff adds that the lesser standard of "reasonable suspicion" necessary for a *Terry* stop cannot apply "lest [Plaintiff] be accused of "Being a paying customer at grocery store." *Id.*
[4] Given Plaintiff's focus on the falsity of the complaint, it is not at all clear that the Court's liberal construction of the claim was what Plaintiff intended.
[5] Because Exhibit A to Defendants' motion to dismiss contains several documents that are not consecutively numbered, all cited page numbers are those assigned by the CMECF system.

registered nor insured, again, confirmed by Plaintiff during the motor vehicle stop, a second misdemeanor summons and complaint was issued and the vehicle was towed from the scene. *Id.* at 9.

**Discussion**

As accurately set forth in the Initial Review Order and Recommended Ruling,

> The Fourth Amendment protects the rights of people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains [her] freedom of movement, 'through means intentionally applied.'" *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citations omitted). "The law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *Id.* at 255. "Because it constitutes a seizure for Fourth Amendment purposes, a traffic stop must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *Forbes v. City of Rochester*, No. 6:18-cv-06700 EAW, 2020 WL 1963139, at *5 (W.D.N.Y. Apr. 6, 2020) (internal quotation marks omitted) (citing *U.S. v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017)).

IRO at 10–11. The Court first observes that the core of Plaintiff's complaint does not appear to be the conduct of Defendants, but instead the conduct of the store manager who called the police and made a "patently false" complaint against Plaintiff for "presumably" violating a store policy. However, the complaint AO57874-5 charges Plaintiff with failing to wear a face mask in violation of Executive Order 9B-2(a)-1, which at the time, provided: "Any person who, while in any public place… other than a person who qualifies for the medical exception… who fails to wear a mask or cloth-face covering shall be guilty of a violation and fined one hundred dollars." Exec. Order No. 9B, The Office of Governor Ned Lamont, https://portal.ct.gov/office-of-the-governor/governors-actions/executive-orders/governor-lamonts-executive-orders?page=4       (last

visited Jul. 17, 2024). Thus, failing to wear a face mask did not implicate only a store policy, but the Executive Order to which certain penalties attached. And Defendants cannot be held liable for the acts of the store manager, even if the report was false, unless Defendants were aware of the falsity of the report and detained Plaintiff notwithstanding. *See e.g.*, *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); *See also Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (Articulating that the existence of probable cause to arrest, and therefore whether or not detention violates the Fourth Amendment, turns on the facts and circumstances within the officers' knowledge at the time). Plaintiff does not allege that Defendants knew the report was false or even that they had reason to question the veracity of the manager's report; she simply challenges their reliance on the report in detaining her in the first instance.[6] Thus, Plaintiff fails to allege a Fourth Amendment violation when officers stopped her vehicle on the strength of the manager's complaint that she violated the Executive Order's mask mandate.

Similarly, Defendant Tourjee was aware, *prior to* the motor vehicle stop, that the vehicle was not registered, an assertion Plaintiff does not contest. Thus, independent of the face mask violation, Defendant Tourjee had probable cause to conduct the motor vehicle stop. *See Kornatowski v. Wallingford Police Dep't*, No. CIV.A. 3:92-295(JAC), 1993 WL 299032, at *4 (D. Conn. July 26, 1993) (holding that a reasonable police officer could conclude that probable cause for a motor vehicle stop existed based on knowledge of the operator's license suspension days

---

[6] Plaintiff does not dispute that the vehicle was unregistered and uninsured. Construed liberally, the Complaint alleges that the seizure and towing of the vehicle were tainted by the unconstitutional stop. Compl. at 4(b) ("After being detained—with no probable cause—Plaintiff's vehicle was seized (towed), and she was issued a citation for three infractions.").

earlier); *Gagne v. DeMarco*, 281 F. Supp. 2d 390, 397 (D. Conn. 2003) (holding that a reasonable police officer could conclude that probable cause existed to stop a motor vehicle operator for violating registration laws based on prior knowledge of the operator and the vehicle.).

Finally, insofar as the unregistered vehicle could not be legally operated, *see* Conn. Gen. Stat. § 14-12*,* the seizure and towing of the vehicle did not violate Plaintiff's Fourth Amendment rights. *See Owens v. Fitzgerald*, No. 3:17CV657(MPS), 2023 WL 5577251, at *4 (D. Conn. Aug. 29, 2023), *aff'd,* No. 23-1280, 2024 WL 2315335 (2d Cir. May 22, 2024) ("It is well established that police have the authority, … to seize and remove from the streets automobiles in the interests of public safety and as part of their community caretaking functions – an authority that is beyond reasonable challenge.); *Ali ex rel. Cofield v. Liggett*, No. 122CV944GTSATB, 2022 WL 17478264, at *5 (N.D.N.Y. Sept. 20, 2022), *report and recommendation adopted,* No. 122CV0944GTSATB, 2022 WL 16918289 (N.D.N.Y. Nov. 14, 2022) (holding that officers were justified in towing an unregistered vehicle driven by an unlicensed driver).

It bears repeating that Plaintiff's chief complaint appears to be premised upon a faulty assumption that the mask requirement at the Stop & Shop was a matter of store policy, and not Connecticut law. And while Plaintiff does not dispute that she did not (and would not) wear a mask, her original assumption that no law was broken gave rise to her claim that the responding police officers acted in violation of her constitutional rights. However, as the citation makes clear, she was mistaken, and there is no reading of Plaintiff's allegations which implicates her Fourth Amendment rights.

**Conclusion**

For the foregoing reasons, the motion to dismiss is GRANTED. Defendants' Motion for Sanctions at ECF No. 46 is denied as moot.[7] The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of July 2024.

                                                 */s/ Kari A. Dooley*
                                                 KARI A. DOOLEY
                                                 UNITED STATES DISTRICT JUDGE

---

[7] Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 37 is based upon Plaintiff's failure to provide discovery following Defendants' requests. Defs.' Mot. for Sanctions, ECF No. 46, at 1. This non-responsiveness is consistent with Plaintiff's failure to object to Defendants' Motion to Dismiss, as well as her failure to update her address in accordance with Local Rule 83.1(c)(2). Based on this apparent indifference, the Court notes that it is possible that Plaintiff may have elected not to pursue these claims at all.